UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-820-RJC
(3:06-cr-442-RJC-1)
(3:09-cr-99-RJC-1)

| | | |
|---|---|---|
| **ELEUTERIO VILLA-BENITEZ,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

**I.    BACKGROUND**

On December 15, 2006, Petitioner pled guilty to illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), and he was sentenced on April 2, 2007, to time served, plus three years supervised release. (Criminal Case No. 3:06-cr-442-RJC, Doc. No. 5: Judgment; Doc. No. 3: Acceptance and Entry of Guilty Plea). On July 8, 2009, the probation office submitted a petition to the Court for revocation of Petitioner's supervised release. (Id., Doc. No. 7: Petition for Warrant for Offender under Supervision). The petition stated that on March 1, 2009, Petitioner had been arrested again on charges of illegal reentry of a deported alien, thus violating his supervised release, in Case No. 3:09-cr-99.[1] On September 1, 2009, Petitioner pled guilty in Case No. 3:09-cr-99 to illegal re-entry of a deported alien with aggravated felony, in

---

[1]    Petitioner is identified in the action in Case No. 3:09-cr-99 under an alias as Manuel Carrillo-Carvajal.

1

violation of 8 U.S.C. §§ 1326(a) and (b)(2), and he was sentenced to 24 months of imprisonment, with three years of supervised release. (Criminal Case No. 3:09-cr-99-RJC, Doc. No. 19: Judgment). On September 25, 2009, the Court granted the Government's motion to consolidate this action with Case No. 3:09-cr-99. (Id., Doc. No. 12: Order Granting Motion to Consolidate Cases). On March 11, 2010, Petitioner's supervised release was revoked. (Id., Doc. No. 15: Judgment). This Court sentenced Petitioner to six months of imprisonment on the supervised release violation, to be served consecutively with his sentence on the illegal re-entry conviction, in Case No. 3:09-cr-99. Petitioner appealed the illegal re-entry conviction, and the Fourth Circuit Court of Appeals dismissed the appeal on June 23, 2010. (Criminal Case No. 3:09-cr-99-RJC, Doc. No. 21: Notice of Appeal; Doc. No. 31: Mandate).

Petitioner dated the § 2255 petition November 29, 2012, and it was stamp-filed in this Court on December 6, 2012. Petitioner's sole contention in his motion to vacate is that a new so-called "fast-track" policy by the Department of Justice should have applied to him at sentencing. Specifically, Petitioner contends that he should have received a downward departure under U.S.S.G. § 5K3.1 and the fast-track program. In 2003, then-Attorney General John Ashcroft issued a memorandum, authorizing downward sentence departures under U.S.S.G. § 5K3.1 to "fast track" large numbers of illegal reentry cases in border states. By a memorandum dated January 31, 2012, Attorney General Eric Holder extended the policy across the country.[2]

## II. STANDARD OF REVIEW

---

[2] See Memorandum from Deputy Attorney General James M. Cole for All U.S. Attorneys, Department Policy on Early Disposition or "Fast-Track" Programs (Jan. 31, 2012) http://www.justice.gov/dag/fast-track-program.pdf.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Furthermore, petitioners whose convictions became final before the effective date of AEDPA, had until April 24, 1997, to file their petitions.

Here, judgment was entered on March 11, 2010. Petitioner filed a notice of appeal, but the Fourth Circuit subsequently dismissed the appeal at Petitioner's request, with the mandate

3

issuing on June 23, 2010.³ Petitioner filed his petition about two-and-a-half years later on November 29, 2012, at the earliest. Thus, Petitioner's § 2255 motion is clearly untimely under § 2255(f)(1), and none of the other subsections applies. Petitioner contends that the petition is timely pursuant to § 2255(f)(2) because it was filed within one year of the issuance of the Department of Justice fast-track policy. This contention is without merit, as the issuance of the policy did not constitute "the removal of a constitutional impediment to filing." Thus, Petitioner fails to show that his § 2255 motion is timely filed under any subsection of § 2255(f). The Court further finds that Petitioner has not shown that he is entitled to equitable tolling. See Holland v. Florida, 560 U.S. 631, 649 (2010) (finding equitable tolling warranted only where defendant demonstrates that he pursued his rights diligently and some extraordinary circumstances precluded a timely filing).

The Court finds that, in any event, Petitioner is not entitled to relief under § 2255 based on his contention that he is entitled to a fast-track sentence reduction. In a motion to vacate filed pursuant to 28 U.S.C. § 2255, relief can be claimed on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is "otherwise subject to collateral attack" only when there exists an error constituting a

---

³ The judgment Petitioner is challenging is in Case No. 3:09-cr-99, in which he pled guilty to illegal entry of a deported alien. The Court further notes that the Bureau of Prisons website indicates that Petitioner was released from prison on March 21, 2014. Therefore, Petitioner's challenge to his sentence appears to be moot. Nevertheless, given the possibility of some collateral consequence of his conviction and sentence, the Court will not dismiss the action as moot.

"fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979).

Here, Petitioner has simply presented no grounds for relief under § 2255 based on the Government's failure to move for a downward departure pursuant to the fast-track program. Petitioner does not have a constitutional right to a fast-track reduction, as the expanded policy does not create any legally enforceable right to a fast-track sentence reduction. Accord United States v. Guerra-Carpio, No. 10-288(2)-RHK, 2013 WL 2897269, at *3 (D. Minn. June 13, 2013) (stating that the fast-track program did "not establish any substantive legal rights enforceable by criminal defendants"). Prosecutors retain discretion to deny a fast-track departure to a defendant based on certain aggravating factors, including circumstances at the time of the defendant's arrest. Thus, even if the petition were timely, Petitioner would still not be entitled to relief under § 2255.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 petition as untimely and, alternatively, because the petition is without merit.[4]

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** with prejudice.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

---

[4] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because Petitioner addressed the statute of limitations issue in his petition, and because the Court is dismissing the petition alternatively on the merits.

537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 8, 2015

Robert J. Conrad, Jr.
United States District Judge